IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Brismaegi A. Crawford,

    Plaintiff,

vs.                    Case No. 12-2767-JTM

Kansas Department for Children &
Families, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

This is a *pro se* civil action by Brismaegi Crawford against the Kansas Department for Children and Families, as well as Caseworker Paul Green. Crawford filed the action under 28 U.S.C. § 1343, after the Kansas Department of Social and Rehabilitation Services sent her a notice of overpayment of certain Temporary Assistance to Families (TAF) benefits and demand for repayment. The benefits had been overstated because Crawford's husband, and father of one of her children, resided with her.

Crawford appealed the decision first by requesting a Fair Hearing, then appealed the Initial Order of the Presiding Officer to the State Appeals Committee, and then appealed to the Secretary of the Department for Children and Families. In each instance, Crawford's appeal was denied. In the present action, she seeks damages in an amount equivalent to the overpaid benefits, along with punitive damages. The defendants have

moved to dismiss Crawford's claim on numerous grounds. Crawford has failed to respond to the motion to dismiss, which is granted under D.Kan.R. 7.4 and for good cause shown.

Specifically, the court finds Crawford has no § 1343 claim since she has failed to show the denial of any substantive or procedural constitutional right. No substantive right exists, because the TAF benefits were properly recalculated pursuant to K.S.A. § 39-709(a)(1) and properly recouped under 45 C.F.R. § 233.20, and in any event such benefits are not a right, privilege or immunity secured by federal law. No procedural right is implicated, because the Department correctly sought repayment pursuant to exiting procedures and Crawford was able to administratively appeal the repayment notice.

There are no allegations of personal misconduct by Defendant Green, and he is entitled to dismissal of the complaint against him. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). There are no allegations of discrimination or conspiracy which would support a claim under 42 U.S.C. § 1985. Further, Green and the Department are not "persons" as defined by 42 U.S.C. § 1985. Morever, the defendants are protected by Eleventh Amendment immunity, *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985), and Crawford has failed to allege any facts which would implicate an exception to that doctrine.

IT IS ACCORDINGLY ORDERED this 16th day of August, 2013, that the defendants' Motion to Dismiss (Dkt. 9) is hereby granted.

     s/ J. Thomas Marten
     J. THOMAS MARTEN, JUDGE